IN RE: : CHAPTER 7
:
JONATHAN A. PATRONO : CASE NO: 1:26-bk-00020HWV
Debtor :
:
H&M HOLDINGS GROUP, LLC, : Adversary No. 1:26-ap-00037-HWV
HAUSER FAMILY FARMS, LLC, :
HANNAH HAUSER, and MELINDA :
Plaintiffs, :
:
v. :
:
JONATHAN A. PATRONO :
Defendant :
:

## ANSWER TO COMPLAINT TO DETERMINE DISCHARGE OF DEBT

AND NOW, this 27th day of April, 2026, comes the Defendant, Jonathan A. Patrono, by his

counsel, Law Offices of Craig A. Diehl, filing this Answer averring as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied. The reference to a Chapter 11 bankruptcy case commenced by the filing of a

voluntary petition on January 7, 2026 is inaccurate.

5. Admitted.

6. Admitted.

7. Admitted.

8.      Admitted.  However, the address for 210 Ridgewood Road is listed as Gettysburg, but the same street address in paragraph 6 lists Fairfield.

9.      Admitted.

10.     The averments of Paragraph 10 are self-serving conclusions to which no responsive pleading is required.

11.     Admitted in part.  Denied in part.  A judgment which is not yet final was entered in the Adams County Courthouse as averred.  An appeal has been filed and will need to be resolved before any judgment is final.

12.     The averments of Paragraph 11 are incorporated by reference.

13.     The averments of Paragraph 11 are incorporated by reference.

14.     The averments of Paragraph 11 are incorporated by reference.

15.     Denied.  The averment constitutes a conclusion of law to which no responsive pleading is required.

16.     Admitted.

17.     Admitted.

18.     This is an oversimplification and a partial misrepresentation.  The Third Amended Complaint goes back in time to 2007, which is difficult because the Helen Hauser Estate only came into being in 2012.  There has been statute of limitation defenses raised but overruled.  There have been different damage theories changed from the earlier Complaints to the Third Amended Complaint.  It is still believed that a statute of limitations question will exit at the appellate level.

19.     Denied as stated.

20.     Denied.  It is denied that there was any self-dealing or breaches of fiduciary duties. Rather, the business losses were caused by decisions in which the three sisters share equal

responsibility.

21.    Admitted.

22.    Admitted in part.  Additionally, Hauser Family Farms was also a guarantor.

23.    Admitted.  The Commercial Guaranty Agreements speak for themselves.

24.    It is admitted that this loan occurred.  The loan was guaranteed by the USDA and becomes relevant as available remedies are set forth in the USDA loan terms.  The assignment by the USDA to H&M Holdings Group, LLC, an entity formed by two (2) of the original guarantors (Melinda Davis and Hannah Hauser) may have violated USDA regulations, which may invalidate the assignment.

25.    The response in Paragraph 22 is incorporated by reference.

26.    Admitted.

27.    There was a default in 2016, however, the terms of that Note were cured.

28.    Admitted in part.  Denied in part.  H&M Holdings was formed as a scheme to protect Melinda Davis and Hannah Hauser from having to make any contribution towards the payment to Members 1st.  By having H&M Holdings pay Members 1st and take an assignment of the Promissory Note, H&M Holdings was then able to "select" which guarantor it chose to sue.  It chose to sue Debtor, Jane Patrono and Alan Kim Patrono, while at the same time not seeking any contribution from Melinda Davis or Hannah Hauser because H&M Holdings, as a separate legal entity, decided to overlook the two individuals who were the sole members of H&M Holdings.

29.    Admitted.

30.    Debtor only had an interest in one of the listed properties, Heckenluber Road, Adams County, PA.  Initially, to protect himself from the actions being taken by his aunts, Melinda Davis and Hannah Hauser, who refused to make any contribution towards the obligations on Promissory

Notes 1 and 2, the aforementioned property was transferred and a deed recorded. Subsequently, the deed was reconveyed back to Debtor.

31. This averment has nothing to do with Debtor's bankruptcy filing and is averred solely for prejudicial purposes.

32. It is true that separate proceedings were instituted in the Adams County Court of Common Pleas, but it is also true that the judgment was stricken, and the Plaintiffs therein did not appeal. The Order was stricken by Judge Campbell of the Adams County Court of Common Pleas.

33. It is admitted that the bankruptcy was filed in 2018. This was done after the conducting of a meeting of the holders of interest in Hauser Estate. Although Hannah Hauser and Melinda Davis did not attend, there are e-mails confirming that Ms. Hauser and Ms. Davis were informed of the actions being taken. Further, neither Hannah Hauser nor Melinda Davis challenged that the 2018 bankruptcy was appropriately filed.

34. The indebtedness of H&M Holdings is premised, in part, upon the Assignment by Members 1st. Members 1st had a secured claim. The Assignment to H&M Holdings might have been improper, however, under USDA regulations. For that reason, the debt is disputed as to H&M Holdings.

35. That the bankruptcy was converted to Chapter 7 is admitted. The Chapter 7 Trustee declined to pursue certain causes of action, because, in his opinion, he felt there was no basis for it.

36. Admitted.

37. This is a misrepresentation. There were multiple Plaintiffs, not just H&M Holdings. The litigation was a derivative suit because the Trustee would not prosecute it and has never abandoned it in favor of H&M Holdings. The Chapter 7 Trustee, John Nablett, after thoroughly reviewing the facts, determined it had no merit. In the Stipulation dealing with the resolution of the

litigation, it was agreed that the PUVTA claims would be dismissed (although without prejudice), no doubt because by then the properties had been returned to their original grantors.

38.     Admitted.

39.     Admitted.

40.     The Court Order attached in Exhibit "G" speaks for itself. In general, however, the properties were returned, no compensatory damages were assessed, and there was no additional evidence provided supporting punitive damages or attorney fees.

41.     Admitted.

42.     Admitted.

43.     Admitted.

44.     Denied.  The Debtor exercised his lawful rights to defend himself in the Common Pleas action in Adams County, Pennsylvania.  No rule of court required the Debtor to roll over and play dead for Ms. Hauser and Ms. Davis and their scheme to have Debtor pay 100% of the obligation to Members 1st.

45.     Denied. The interlocutory appeals were not improvident but were permitted by appropriate rules of court.

46.     Denied as stated. The Debtor simply exercised his rights to defend himself in the ongoing litigation.

47.     Admitted. That a default judgment was entered is a matter of record. The Court did not, however, file any opinion.

48.     Admitted.

49.     Admitted.

50.     Denied.  Debtor exercised his rights to defend himself as fully and completely as

possible.

51.     The fact and the date are admitted. The right to arbitration is in the Guarantee language, and it is believed that it was timely made at an appropriate time in the litigation.

52.     The "flurry" of motions and briefings were by the Plaintiffs. At one-point, Common Pleas Judge George advised the Plaintiffs that there should be no further emergency motions filed.

53.     Denied as stated. The appeal was filed over the issue of whether or not the default judgment on the counterclaim was proper in that it was a *non-pros,* and the court did not go through the necessary steps to reach that conclusion. Debtor believed that a proper reading of the Superior Court proceedings is that it was returned for handling by the Court of Common Pleas as it could be decided on a later date on appeal when there was a final order entered.

54.     Admitted.

55.     Admitted.

56.     That the Superior Court issued memoranda is admitted. The editorial comments regarding delay and improvident appeals are denied as being irrelevant.

57.     Admitted.

58.     Admitted.

59.     Admitted.

60.     That the court judgments were issued is admitted. All, however, are subject to appeal, as well as a petition to strike the judgment as inappropriately entered.

61.     The averments of Paragraph 60 are incorporated by reference.

62.     The averments of Paragraph 60 are incorporated by reference.

63.     Denied.  Defendant is unaware of any continuing investigation.

64.     It is believed that the pleadings in the adversary proceedings speak for themselves.

Whatever the consequences of the actions taken by Hannah Hauser and Melinda Davis, they may or may not be subject to any limitation of any other action which they may bring or have brought.

## COUNT I
## NONDISCHARGEABILITY OF DEBT
### 11 U.S.C. §§ 523(a)(2)(A)

65. Debtor incorporates all previous paragraphs by reference as if set forth herein.

66. This is a statement of law which does not require a responsive pleading.

67. This is a statement of law which does not require a responsive pleading.

68. The Adams County judgments are subject to the appeal filed. They are not final and binding at the present time.

69. The Adams County judgments are subject to the appeal filed. They are not final and binding at the present time.

70. It is unclear regarding the allegation under the PUVTA statute if there are any actual damages. All of the properties were returned to their original grantors and there was no need to assess compensatory damages.

71. Denied. Debtor protected himself from the actions of his aunts who were seeking to hold Debtor liable for the entire indebtedness to Members 1st FCU, instead of Debtor's aunts accepting their one-third responsibility as co-guarantors.

72. Denied. The averment does not contain adequate information as to set forth what "property" rightfully belonged to the Hauser parties.

73. Denied. The Debtor was not involved in any deliberate scheme to hinder, delay or defraud the Hauser parties. At all times, the Debtor was defending himself from what he believed was the abusive conduct by Hannah Hauser and Melinda Davis, who were actually seeking to avoid their own responsibility to contribute to the business losses of the joint venture.

74. Denied. Debtor provided discovery responses and has made information available. Nevertheless, the discovery sanction does not constitute actual fraud under §523(a)(2)(A).

75. Denied as stated. It is unclear what assets were intentionally transferred or diverted from the Hauser Estate. The transfer was regarding property owned by the Debtor and related parties, and not assets owned by any of the corporate entities to which the Debtor may or may not have owed a fiduciary obligation.

76. Denied as stated. The Debtor did not owe a fiduciary duty, as all of the parties, both Plaintiffs and Defendants, were investors in a business enterprise. There were multiple family meetings to discuss the course of conduct of the business, and the business was operated by agreement of the family.

77. Denied. No assets were diverted to pay the Debtor.

78. Denied as stated. There was no act done that constituted a breach of any alleged fiduciary duty. No conduct was done with regard to the operation of the business with bad faith, or actual malice, or reckless disregard of the Hauser parties' rights. There was no intent to defraud the Hauser parties.

79. Denied. This is an assumption on the part of Plaintiffs by suggesting that Debtor was fully aware of Kim and Jane Patrono's actions.

80. Denied. It is denied that there was any willful obstruction of discovery. Twenty thousand (20,000) pages of discovery were provided, it was indicated that boxes of records were available for inspection should the Plaintiffs choose to do so, and access to the accounting system called Xero was made available.

81. Denied. This is denied first as a conclusion of law. Second, as there is no final judgment, there has been no specific finding of actual fraudulent conduct such as would render the

debts nondischargeable in bankruptcy. The case cited is irrelevant as there has been no finding of the fraudulent diversion of progress payments as in the Third Circuit case cited in the pleadings.

82. Denied.  This is for the fact finder to determine.

83. Denied.  The averment contains a conclusion of law to which no responsive pleading is required.

84. Denied.  The averment contains a conclusion of law to which no responsive pleading is required.

WHEREFORE, the Court should deny a finding that any obligation is deemed nondischargeable pursuant to 11 USC §523(a)(2)(A).

## COUNT II
## NONDISCHARGEABILITY OF DEBT
## 11 U.S.C. §§ 523(a)(2)(B)

85. Debtor incorporates the preceding paragraphs by reference and his responses thereto.

86. Denied.  The averment contains a statement of the law to which no responsive pleading is required.

87. Denied. In fact, a reading of this count does not contain any statements in writing that were materially false with respect to the financial condition of Hauser Estate's business operation.

88. Denied.  No contracts are attached to support this averment.

89. It is denied that Hannah Hauser and Melinda Davis, or their families, have invested significant sums of money in this family enterprise other than possibly having some of their mother's money invested which might otherwise have gone to them as part of an inheritance. To the extent that there is an allegation of cash infusions, proof is demanded at trial.

90. There are no written communications attached regarding the financial position of Hauser Estate.

91.     Denied. There was no concealment of assets; there was no diversion of assets.

92.     The default judgment is not premised upon the alleged written statements that were referred to above. The judgment was entered by default as a sanction. Further, all of this is subject to post-trial motion and appeal.

93.     Denied.  For the reasons set forth above, the request should be denied.

WHEREFORE, it is requested that the relief sought not be granted.

### COUNT III
### NONDISCHARGEABILITY OF DEBT
### 11 U.S.C. §§ 523(a)(4)

94.     The Debtor incorporates the preceding paragraphs by reference and his responses thereto.

95.     The averments of Paragraph 95 constitute a statement of the law to which no responsive pleading is required.

96.     Denied.  Debtor was not acting in a fiduciary capacity for his aunts as individual members of Hauser Estate.

97.     Denied.  Debtor did not divert business opportunities, funds, and property.  It is further unclear what actions Debtor failed to take.  Debtor did attempt to defend himself from the attempts by his aunts to personally absolve themselves of any contribution on the obligation to Members 1st FCU by forming an entity and seeking to collect the entire loan amount from Debtor.

98.     Denied.  Debtor did not engage in any fraudulent actions.  It is further denied Debtor had a fiduciary obligation to his aunts, or to H&M Holdings, which was formed after all the business investments were made.  Finally, Debtor denies he hid behind the shield of Kim Patrono.

99.     Denied.  This is a legal conclusion that Debtor failed to account for funds.  It is further denied that any such action occurred.

100.     The averments of this Paragraph constitute a conclusion of law.  Debtor did not secretly put funds away for his personal benefit.  Debtor's parents invested 3 million dollars of their own money and they are not pursuing the Debtor.

101.     The judgment is not final or binding and is subject to the appeal filed.

102.     While this constitutes a conclusion of law, it is totally incorrect, and no denial of discharge should be entered on this basis.

WHEREFORE, the Court should deny a finding that any obligation is deemed nondischargeable pursuant to 11 USC §523(a)(4).

### COUNT IV
### NONDISCHARGEABILITY OF DEBT
### 11 U.S.C. §§ 523(a)(6)

103.     Debtor incorporates the preceding paragraphs by reference and his responses thereto.

104.     This constitutes a conclusion of law to which no responsive pleading is required.

105.     Paragraph 105 is denied for all of the reasons stated herein. Debtor did not intentionally engage in conduct that injured Hannah Hauser and/or Melinda Davis. There is no diversion of business opportunities or funds. There was no engaging in acts of self-dealing, there was no fraudulent transfer of properties other than protecting himself from Hannah Hauser and Melinda Davis's actions in seeking to hold Debtor solely responsible for the losses at a time that Hannah Hauser and Melinda Davis were not willing to contribute their one-third each liability on the Promissory Note to Members 1st.  Further, defending oneself in litigation does not rise to the level of obstructing Hannah Hauser and Melinda Davis's ability to prosecute their claim.

106.     Denied as stated. Debtor was allowed to defend himself, and was not required to roll over and play dead or to acquiesce to the greed of Hannah Hauser and Melinda Davis. Debtor had the right to defend himself and to take action accordingly.

107. The Debtor defended himself from the avarice and actions of Hannah Hauser and Melinda Davis. That does not rise to the level of a nondischargeable conduct pursuant to the Bankruptcy Code section averred.

108. The averments of Paragraph 107 are incorporated by reference.

109. Denied for the reasons previously set forth.

110. Denied for the reasons previously set forth.

WHEREFORE, it is requested that the relief sought not be granted for the reasons contained in the pleadings.

Respectfully submitted,

LAW OFFICES OF CRAIG A. DIEHL

Date: April 27, 2026

By: /s/Craig A. Diehl, Esq., CPA
Craig A. Diehl, Esquire
3464 Trindle Road
Camp Hill, PA 7011
(717) 763-7613
Attorney for Debtor